F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 31 2017   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SUYAPA BACA, et al.,

       Plaintiffs,

  -against-

24 HOUR LAUNDROMAT, et al.,

       Defendants.
----------------------------------------X

ORDER
15-CV-6707 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

  On November 23, 2015, plaintiffs filed a complaint in this action. On December 17, 2015, plaintiffs served defendants Stephen Gresovetti and 24 Hour Laundromat with a copy of the complaint. Defendants, however, failed to answer or appear in this action. On March 16, 2016, plaintiffs moved for entry of default against defendants, which the Clerk of the Court noted on the same day. On April 26, 2016, plaintiffs moved for default judgment against defendants. On April 27, 2016, the Court ordered defendants to respond in writing within fourteen days as to why default judgment should not be entered. Plaintiffs served that Order and a copy of their motion for default on defendants on May 26, 2016 and filed proof of service that same day. By Order dated May 20, 2016, the Court granted plaintiffs motion for a default judgment against defendants and referred the calculation of damages to Magistrate Judge Lindsay for a Report and Recommendation..

  On February 22, 2017, Magistrate Judge Lindsay issued a Report and Recommendation (the "R&R") recommending, based on the evidentiary submissions made by plaintiffs, that the Court decline to award any individual or collective class damages to plaintiffs while granting them leave to renew their request for damages. The R&R noted that plaintiffs had failed to submit any "documentary evidence—such as sworn affidavits or declarations by the named Plaintiffs—to

substantiate the calculations in the memorandum" submitted by plaintiffs with to their request for individual damages. (R&R at 2.) Because it was impossible for Magistrate Judge Lindsay "to ensure that there [was] a reasonable basis for the damages sought based on the document submitted," she recommended that this Court deny plaintiffs' request for individual damages "without prejudice to renew[al] upon the submission of further supporting evidence." (*Id.* at 3.)

Similarly, because plaintiffs failed to adequately corroborate their request for collective class damages, Magistrate Judge Lindsay recommended that their request for such damages be denied. (*Id.*) In addition, Magistrate Judge Lindsay noted that this Court's May 20, 2016 Order granting plaintiffs' motion for default did not specify whether the default extended to members of the proposed class (*id.*), and that courts in this Circuit have held that "a default judgment is not warranted as to any potential opt-in plaintiffs who may subsequently consent to become a party to this action" absent an amended complaint specifically naming the opt-in parties. *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 133 (E.D.N.Y. 2011); *see also, e.g.*, *Hosking v. New World Mortg., Inc.*, No. 07-CV-2200 MKB, 2013 WL 5132983, at *7 (E.D.N.Y. Sept. 12, 2013), *aff'd*, 570 F. App'x 28 (2d Cir. 2014) ("Courts in this Circuit have declined to apply default judgments granted to individual plaintiffs prior to class certification and the addition of opt-in plaintiffs to later-added plaintiffs."). Accordingly, Magistrate Judge Lindsay found "no legal basis upon which to recommend an award of collective class action damages." (R&R at 4.) The R&R instructed that any objections to the R&R be submitted within fourteen days of service. (*Id.*) Plaintiffs served defendants with a copy of the R&R on March 2, 2017, and although the date for filing objections has expired, neither plaintiffs nor defendants have filed any objections to date.

Where there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir.1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir.1989). Nevertheless, a district

court is not permitted to "just accept [plaintiff's] statement of the damages" without "credible evidence." *Hosking*, 570 F. App'x at 32.

Although plaintiffs and defendants have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that plaintiffs' request for individual damages is denied without prejudice to renewal upon submission of supporting evidence;

IT IS FURTHER ORDERED that the judgement of default is limited to the individual plaintiffs, and that the Court will consider plaintiffs' request for collective class damages only if plaintiffs comply with the collective action motion process; and

IT IS FURTHER ORDERED that plaintiffs serve a copy of this Order on defendants and file proof of service with the Court.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:   March 31, 2017
         Central Islip, New York