**FRANK & ASSOCIATES, P.C.**
THE WORKPLACE LAW FIRM

NEIL M. FRANK, ESQ.

September 26, 2017

**VIA ECF**
Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza Central Islip,
New York 11722-4451
Telephone: (631) 712-5730

     Re:  Baca, *et al* v. 24 Hr Laundromat, *et al.*
        Case No. 2:15-cv-06707-JFB-ARL

Dear Judge Lindsay,

  This firm represents Plaintiffs Suyapa Baca and Arlex Escobar and a class of similarly situated employees in the above-referenced matter. I write in response to the letter filed on September 21, 2017 (D.E. 38) by Ms. Danielle D. De Voe, counsel for Defendants. Despite receiving her consent to file the Joint Status Letter, Ms. De Voe's separate status letter misinforms the court about what actually took place during the last few months in the instant matter.

  Ms. De Voe set out on a campaign to verbally insult my firm beginning on April 27, 2017, when my associate, Anthony V. Merrill, Esq., sent an email to her with our initial settlement demand. In response to Mr. Merrill's email, Ms. De Voe verbally insulted him, by stating, "Your newness to the practice of law is made abundantly clear in your response below as it is evident that you are not too familiar with Long Island jurors," and "I suspect that, when you have practiced a little longer, you will learn about the conservative nature of the Long Island jury and what things they actually care about, and "Perhaps, you will learn the difference between a judgment on default as to liability and an actual default judgment when you get more seasoned. One would hope, at least." These unprofessional comments reflect Ms. De Voe's true character and behavior throughout this litigation. In response Mr. Merrill informed Ms. De Voe that with her experience as an attorney, she should speak to adversaries with respect and professionalism. Notwithstanding, Ms. De Voe continued to attack Mr. Merrill's experience as a newly admitted attorney and informed him he will "have to learn the hard way" when it comes to Long Island juries, and she has "much more" experience than he does.

  Shortly after Defendants' default was vacated, Plaintiff discovered through documents produced by Defendants, that proper contributions had not been made by Defendants for Social Security and Medicare benefits, New York State Unemployment Insurance, Workers' Compensation, and New York State Disability Insurance on behalf of its employees. As a result of this information, Plaintiffs filed a lawsuit in Nassau County Supreme Court, alleging Defendants had breached their fiduciary duty to Plaintiffs when they failed to contribute as required by law, and converted required contributions to Defendants personal use, thereby depriving Plaintiffs of the ability to receive appropriate Social Security and Medicare benefits

# FRANK & ASSOCIATES, P.C.

upon retirement, unemployment benefits when out of work, benefits when injured on the job under Workers' Compensation Insurance, and off-the-job injuries under New York State Disability Insurance. While Ms. De Voe claims Plaintiffs seek to recover the withheld FICA and New York State contributions Defendants admittedly failed to make, this misconstrues Plaintiffs' State Court claims. In fact, Plaintiffs' Complaint demands damages to make the employees whole, so they will receive benefits they should have received had legally required contributions been made on their behalf.

In Ms. De Voe's Letter, she cites dozens of cases which are inapposite and do not correctly deal with the allegations in the State Complaint. Instead, she cites case law which holds a plaintiff cannot recover from an employer the actual FICA and state taxes which should have been made to the authorities. Plaintiffs do not request such relief.

Ms. De Voe then falsely contends that I admitted I knew Plaintiff's State case was frivolous and law firms have "filed motions to dismiss against me before for these causes of actions on numerous occasions." These allegations are completely false. I have never had a single law firm file a motion to dismiss on the instant State causes of actions. In fact, I have filed several complaints alleging these causes of actions within the past year, and have in each case have either received an Answer or resolved the matter before Trial.

Thus, it is neither frivolous nor improper for a plaintiff to allege common law conversion and a breach of a fiduciary duty where an employer fails to make mandatory contributions for legally required employment benefits. In *Childers v. New York & Presbyterian Hosp.*, the court ruled, "When an employer is under a duty to ensure that its employees receive the benefit of FICA refunds, the employer is handling money for the benefit of the employees and may not appropriate this money for itself. The employer is entrusted with the employees' refunds by statute, and the employees are entitled to rely on the employer to act for their benefit. This duty therefore qualifies as fiduciary" 36 F. Supp. 3d 292. *(See also Muller-Paisner*, 528 Fed. Appx. at 39, and *Penato*, 383 N.Y.S.2d at 905)

I now write to address the outright misstatements proffered by Ms. De Voe regarding the settlement conference held September 14, 2017. I was the first to arrive and waited in the attorney lounge, Room 288, for my associate Mr. Merrill and Ms. De Voe to arrive. Ms. De Voe entered the room and asked who I was. I informed her I was Mr. Frank and was there for the settlement conference. Ms. De Voe then asked where my clients were. I was under the impression my clients were not required to be present and proceeded to phone Mr. Merrill, who confirmed the fact. A few minutes later, Ms. De Voe came back into the attorney lounge after she reviewed Your Honor's June 29, 2017 Order and said, "I guess you're right, they don't need to be here." A few minutes later, Mr. Merrill walked into the lounge.

The meeting started by my asking Ms. De Voe if she had received a copy of the State Court Complaint. She stated she had, and then starting yelling about how it was a nonsensical, frivolous lawsuit, and the most she was willing to offer today to settle the matter was $0.00, and in addition she would agree not to file a motion to dismiss and for sanctions against my firm in the State Court case. Ms. De Voe then questioned how I could still practice law at my age and told me "It's time to retire, old man." I was shocked and incensed, and provoked to respond. I believe I stated she was a jerk. Ms. De Voe then told me she hoped I have a good malpractice policy because "You're

**FRANK & ASSOCIATES, P.C.**

going to need it." I thereupon made our initial demand of $1,000,000 to settle for the entire class of Plaintiffs. She then got up from her chair and with her client started to leave. I then told her that she was a "real piece of work" and added a pejorative I will not repeat here. I will admit the word was nasty and offensive, and has never been used by me in my professional career. In response, Ms. De Voe started shouting, 1) "Is that the best you have old man?" and 2) "Are you fucking kidding me." She then went to the doorway and I followed. Ms. De Voe then instigated physical contact stating I was in her space and hit my right shoulder. I am seventy-nine (79) years old, have a titanium rod in my spine due to the removal of several vertebrae, and received triple-bypass surgery, and could not be involved with any physical altercation. Ms. De Voe then started yelling "don't push me old man", and told me again that I "needed to retire". Ms. De Voe continued berating me and told me to "Get your big, fat stomach off of me". I backed off, and her client, Mr. Gregoretti stepped between us and threatened to "knock you (meaning me) out." I told him he would be arrested and sued for assault and battery.

At this point, I need to advise the Court, that the last paragraph of the third page of Ms. De Voe's letter and the first paragraph of Page 4 are entirely false. Not a single fact in either of these paragraphs match the facts.

Finally, in response to Ms. De Voe's final paragraph:

1. I did not assault or batter Ms. De Voe. She did so to me. I am, in fact, elderly (age 79), not very robust, and shorter than she. She, in fact, is a formidable physical presence, not a frail, docile looking person.
2. I have never been involved in a fight in my life or had any verbal confrontation with such a nasty, unprofessional attorney in fifty-three (53) years of practice.
3. While Ms. De Voe says she feared I was going to hit her – I didn't. She did hit me, stating I pointed a finger at her, and she felt I invaded her space. Even if I did, my actions did not warrant her punch. If anyone needs a body-guard, it is myself. Moreover, Ms. De Voe's client is half my age, weighs twice my weight and if he assaulted me, as he threatened to do at the meeting, would certainly send me to a hospital for treatment.

Finally, I acknowledge, notwithstanding the disgusting and unprofessional conduct of my opponent, I could have handled her contemptable conduct and disrespectful statements with more calm than I was able to muster in the heat of the moment. Regardless of the provocation, I will not repeat the situation.

*Respectfully Submitted,*

**FRANK & ASSOCIATES, P.C.**

*[signature: Neil Frank]*

Neil M. Frank, Esq.

NMF/AVM/dm